UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

                    -v-

FRANKLYN FRANCISCO,
                            Defendant.

19 Cr. 131 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Before the Court is a motion by defendant Franklyn Francisco for a judicial recommendation to the Bureau of Prisons ("BOP") that he serve the remainder of his sentence in a residential re-entry center or home confinement, in light of the risk that the COVID-19 pandemic presents for inmates. Dkt. 409 ("Def. Mem.") at 1. The Court construes Francisco's motion as an application for compassionate release pursuant to 18 U.S.C. § 3582(c). For the following reasons, the Court denies Francisco's motion and declines to make such a recommendation to the BOP.

      Francisco played a brief but pivotal role in the 2018 sex trafficking of a young woman in the grip of a severe narcotics addiction. *See* Dkt. 376 ("Sentencing Tr."). On July 9, 2019, Francisco pled guilty to a one-count Superseding Information charging him with violating the Travel Act, 18 U.S.C. § 1952. *See* Dkt. 125; Sentencing Tr. 3. On March 2, 2020, the Court sentenced Francisco to 30 months' imprisonment. *See* Sentencing Tr. at 49. Francisco has been incarcerated since February 27, 2019 and has thus far served approximately 60% of his sentence. *See* Dkt. 409 ("Def. Mem.") at 1; Dkt. 413 ("Gov't Opp'n") at 1.

On June 11, 2020, Francisco filed the instant motion, Def. Mem., arguing that his imprisonment places him at a high risk of contracting COVID-19, *id.* at 2–3, and that he has displayed a commitment to rehabilitation during his time in prison, *id.* at 5–6. On June 15, 2020, the Government filed a letter in opposition. Gov't Opp'n. The Government argues that Francisco has barely served a majority of his sentence, that his offense was serious and justified the full sentence imposed, and that he has not pointed to any health condition which would place him at heightened risk of severe COVID-19 symptoms. *See generally id.* On June 16, 2020, Francisco filed a reply. Dkt. 414 ("Def. Reply").

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[,] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (quoting 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a

correctional facility and from which he or she is not expected to recover."[1]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

Francisco argues that the first of these factors favors his early release to a halfway house or home confinement.  The COVID-19 pandemic is indeed extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration.  And the crowded nature of jails and prisons presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[2]  Recognizing that the realities of life as an inmate present added challenges for a heightened-risk inmate who contracts the virus to care for himself, in the past three months numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.[3]

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *Ebbers*, 423 F. Supp. 3d at 421–22, 427.

[2] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

[3] *See, e.g.*, *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 (S.D.N.Y. Jun 26, 2020) (granting compassionate release to defendant who was elderly, in poor health, and played a low-level role in a drug trafficking conspiracy); *United States v. Brown*, No. 18 Cr. 390 (PAE), Dkt. 472 (S.D.N.Y. Jun 17, 2020) (same); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v.*

The Government counters that Francisco does not have a significantly heightened vulnerability to the effects of COVID-19 compared to the average (non-high-risk) inmate. The Court agrees. Francisco is age 39. Govt' Opp'n at 3. He does not allege any specific medical condition that would expose him to a higher than average risk of complications from COVID-19. On the record before the Court, Francisco is not materially more vulnerable to the effects of COVID-19 than the average inmate.[4] His circumstances thus contrast with those of various sentenced defendants whose release this Court has ordered pursuant to § 3582, and of the defendants with cases pending before the Court whose release the Court has ordered pursuant to 18 U.S.C. §§ 3142(i) or 3145(c). *See supra*, note 3.

Furthermore, even if the Court were to find that Francisco were at heightened risk from COVID-19—and there is no factual basis for that premise—the Court would still find a reduction in his sentence pursuant to § 3582(c)(1)(A) unwarranted. Granting Francisco's early release would yield an overall sentence highly inconsistent with the § 3553(a) factors—in particular, "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the

---

*Hernandez*, No. 18 Cr. 834 (PAE) 2020 WL 1684062, at *3–4 (S.D.N.Y. Apr. 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").

[4] Francisco also argues that he has been put at heightened risk of contracting COVID-19 by virtue of his transfer to various BOP facilities since his sentence was imposed. Absent evidence of an underlying health condition that makes Francisco relatively more vulnerable to the effects of COVID-19, however, the Court does not find that his movement among facilities amounts to an "extraordinary and compelling reason[]" as required for release under § 3582(c).

law, . . . to provide just punishment for the offense, . . . [and] to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a).  For the reasons explained in detail at Francisco's sentencing, Sentencing Tr. at 34–40, which the Court incorporates by reference, Francisco's offense was "gravely serious," *id.* at 34.  He "badly exploited a very vulnerable victim" by "steering her to . . . [a] sex trafficking pimp" who "abused her badly." *Id.* at 34–35.  The Court determined, at sentencing earlier this year, that this "exceptionally wrongful conduct" required a lengthy sentence to satisfy the § 3553(a) factors, and found a 30-month sentence the minimum necessary to do so.  *Id.* at 35–37.  Francisco "exposed another human being to sustained abuse and degradation." *Id.* at 35.  A sentence along these lines was also important to further general deterrence.  As the Court explained, "[s]ex trafficking is a widespread offense . . . .  It is important that the sentences imposed on people who orchestrate sex trafficking . . . particularly where a vulnerable victim is involved, convey a message to others who might follow that lead that is sufficient to deter that behavior." *Id.* at 36–37.  The assessments that the Court made at sentencing not long ago remain apt.  The advent of the COVID-19 pandemic does not change the Court's determination that Francisco's sentence, including a term of 30 months' imprisonment, was the just and reasonable sentence.

The Court's conclusion that a reduction in sentence would be inconsistent with the § 3553(a) factors is reinforced by the facts that Francisco (1) has served just over half of his sentence,[5] and (2) has not alleged any medical conditions that might predispose him to a higher

---

[5] Francisco's case thus contrasts with those in which an inmate seeking release had served most of his or her term of incarceration, and this Court has found that a fresh assessment of the § 3553(a) factors justified early release.  *See, e.g.*, *United States v. Jasper*, Dkt. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (defendant had served all but 34 days of a 4-month sentence and had an immune-inflammatory disease); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (defendant was scheduled for release in four months

5

risk of contracting or suffering from COVID-19 relative to the average inmate. In these circumstances, his immediate release to a halfway house or home confinement would be inconsistent with the § 3553(a) factors.[6]

Accordingly, the Court denies Francisco's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the same reasons, the Court declines to recommend to the BOP that Francisco serve the remainder of his sentence in a residential re-entry center or home confinement. The Clerk of Court is respectfully directed to terminate the motion pending at docket 409.

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Dated: June 29, 2020
       New York, New York

---

and had asthma); *United States v. Knox*, 15 Cr. 445 (PAE), Dkt. 1078 (S.D.N.Y. April 2, 2020) (defendant was eligible for home confinement in two weeks' time).

[6] *See, e.g.*, *United States v. Nissen*, No. 17 Cr. 477 (PAE), 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (denying compassionate release motion and finding that a reduction of a 27-month sentence to seven months would be "highly inconsistent" with the 3553(a) factors); *United States v. Denard Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for recently sentenced defendant with asthma and a cardiac condition who had served 15 months of 60-month sentence); *United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (for similar reasons, denying compassionate release motion for a defendant at heightened risk of COVID-19 who had served just two months of a 33 months sentence).